IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No. 3:01-506-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RONALD PAYNE | ) | |
| | ) | |

Presently before this court is the defendant's motion pursuant to 18 U.S.C. 3582(c)(2) and United States Sentencing Guideline Amendment 750 for a two-level reduction in the base offense level for crack cocaine offenders. As is relevant to this case, § 3582(c)(2) provides

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Therefore, to be eligible for consideration of a sentence reduction, the "sentencing range" must have been "lowered" by the Sentencing Commission, and the reduction must be "consistent" with applicable policy statements.

While it appears that U.S.S.G. § 1B1.10, effective November 1, 2011, might apply to Payne's sentence, a reduction under § 3582 is not automatic. Indeed, the language of the statute itself indicates that the court "may" reduce the term of imprisonment. In deciding whether to exercise its discretion to reduce the defendant's sentence, the court is authorized

1

to look to the statutory sentencing factors in 18 U.S.C. § 3553(a) to the extent they are applicable. The court is also charged with determining whether such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Payne had previously filed a § 3582 motion when the crack cocaine guidelines were first amended in 2008. In an order filed February 17, 2009, this court considered the history and characteristics of the defendant and declined to grant the requested reduction, noting that the defendant has been disciplined for serious violations of prison regulations while he has been incarcerated at the BOP. The Fourth Circuit Court of Appeals affirmed this court's rejection of the motion on October 22, 2009.

On the record before it, the court has determined that it will exercise its discretion and again decline to reduce the defendant's sentence under Amendment 750 as a result of the various disciplinary violations while incarcerated at the BOP. This court's order of February 17, 2009, which details the various disciplinary proceedings against Payne, is incorporated herein by reference. Accordingly, the defendant's motions for a reduction (ECF No. 433 and 434) are denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 14, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge